UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT D. FIELDS,<br>     Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br>     Defendant. | 1:09-cv-259-LJM-DML |

## **ORDER ON MOTION TO REMAND**[1]

Before the Court is defendant's, Michael J. Astrue, the Commissioner of Social Security (the "Commissioner"), Motion to Remand (Dkt. No. 26). The parties agree that the Court should remand this case pursuant to sentence four of 42 U.S.C. § 405(g).[2] *See* Dkt. Nos. 19 at 32; 26. However, the plaintiff, Robert D. Fields ("Plaintiff"), takes issue with how the remand is worded.

The Commissioner requests that, on remand, the ALJ review the evidence of the record for the application at issue (the "First Application") de novo and issue a new decision with a new RFC finding. Dkt. No. 27 at 2. The Commissioner also requests the ALJ consider evidence that Plaintiff submitted in support of a subsequent application for benefits (the "Second Application") for which he was found disabled. *Id.* Finally, the Commissioner

---

[1] Plaintiff's Motion to File Surreply (Dkt. No. 32) is hereby **GRANTED**. Furthermore, because Defendant's Motion to Remand is GRANTED, Plaintiff's Motion for Summary Judgment or to Remand (Dkt. No. 16) is **DENIED as moot**.

[2] According to the fourth sentence of 42 U.S.C. 405(g): "The court shall have power to enter, upon the pleadings and the transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

requests that Plaintiff not be awarded benefits because Plaintiff did not request benefits in his pending Motion for Summary Judgment (Dkt. No. 16) and because the record in this case does not support a clear entitlement to benefits due to conflicting evidence regarding the functional impact of Plaintiff's impairments. *Id.*

Plaintiff objects to the Commissioner's Motion to Remand on several grounds. First, Plaintiff argues that if the Court grants the Commissioner's Motion as it is worded, it would allow the ALJ to consider the evidence for the First Application in regard to the Second Application, and it might allow the ALJ to overturn the benefits awarded for the Second Application. Dkt. No. 30 at 1. The Commissioner's Motion to Remand and Proposed Order do not mention the Second Application. *See* Dkt. No. 30. However, the Commissioner's Brief In Support of Motion to Remand includes a footnote explaining that the Commissioner may reopen Plaintiff's Second Application based on 20 C.F.R. § 404.988 and 416.1488. *See* Dkt. No. 27 at 2 n.1. Plaintiff requests the Court remand this case to the ALJ in such a way as "to prevent the ALJ from touching the favorable [S]econd [A]pplication." Dkt. No. 32-1 at 4. The only final decision before the Court is the ALJ's denial of the First Application.[3] Thus, the Court cannot order the ALJ to do anything regarding the Second Application because it is not before the Court.

Second, Plaintiff argues that he has requested an award of benefits in his Complaint and in his Motion for Summary Judgment by asking the Court to "reverse or remand." *Id.*

---

[3] The Court cannot tell from the briefing whether a final decision has even been rendered with respect to the Second Application. In his Motion to Remand, the Commissioner explains that the Commissioner's counsel learned about Plaintiff's second successful application from the Appeals Council, but it does not say whether the Appeals Council made a decision in that case. Dkt. No. 27 at 2 n.1.

at 3. Even if Plaintiff has requested an award of damages in his Motion for Summary Judgment, a remand is the more appropriate remedy. Plaintiff is not yet entitled to benefits because, as both parties indicate, there are unresolved factual issues regarding "the nature and severity of Plaintiff's mental impairments and their effect on his ability to work." Dkt. No. 27 at 2; *accord* 19 at 13-27; *see also Briscoe v. Barnhart*, 425 F.3d 345, 356-57 (7th Cir. 2005).

Third, Plaintiff argues that "it would be unfair to him to simply remand and allow the ALJ to make all new findings," and that the ALJ should retain the finding that Plaintiff is capable of simple, unskilled work, but then further consider Plaintiff's mental impairments and any other limitations. Dkt. No. 30 at 4. Both parties agree the decision rendered by the ALJ needs to be reconsidered in light of new evidence. *See* Dkt. Nos. 19 at 11 ("The Appeals Council Erred in not remanding the case to the ALJ due to new evidence presented by Plaintiff . . . ."); 27 at 2 ("On remand, the ALJ will be asked to review the evidence of record *de novo* and issue a new decision with a new FRC finding. . . . The ALJ will also be asked to consider the evidence Plaintiff submitted in support of a subsequent application for benefits for which he was found disabled."). Furthermore, Plaintiff argues in his Motion for Summary Judgment that the ALJ's RFC determination is flawed and incomplete. *See* Dkt. No. 19 at 13-23. Rather than conduct a full review of the ALJ's order in light of an incomplete record, the Court remands to the ALJ to make all new findings in light of evidence already in the record as well as any new relevant evidence.[4] Upon

---

[4] The Court notes that the new evidence may or may not be relevant to this first application. The parties did not present the new evidence to the Court, and Plaintiff made an argument in his response that potentially calls into question the relevance of the evidence used in the second application to the merits of the first application. *See*

remand, both parties may present to the ALJ new evidence, the relevance of which is to be determined by the ALJ.

Accordingly, the Commissioner's Motion to Remand (Dkt. No. 26) is **GRANTED**. The Court **REMANDS** this cause to the ALJ to make new findings and render a new decision in light of the evidence already in the record as well as any additional evidence the parties may present.

Dated: 12/30/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Frederick J. Daley Jr.
DALEY DEBOFSKY & BRYANT
fdaley@ddbchicago.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

---

Dkt. No. 30 at 2-3.